NEW ORLEANS, MARCH, 1891. 289

Mrs. Macias, Wife of Rousseau, vs. Sheriff, et als.

## No. 10,773.

### MRS. THEONISE MACIAS, WIFE OF PIERRE ROUSSEAU, VS. L. E. LORIO, SHERIFF, ET ALS.

1. The demand was sufficiently set forth. If the defendants needed the particu lars they mention to enable them to make their defence, they should have required plaintiff to state her demand with more particularity. As it is, the defendants appear to have been sufficiently placed on their defence.

2. It having been decided in a previous appeal that plaintiff had a right of action, it was not possible, afterward, to defeat the right by tendering bond of in demnity executed after it had been decided that such a bond should have been required under Act 37 of 1882.

3. The sale not being a fraudulent and simulated; the vendor being divested of title a seizure could not be made.

4. It is not proven that the officer in executing the writ of attachment acted wantonly or in malice; the value of the property taken and sold is fixed at the minimum.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Guion, J.*

---

*L. F. Southon* for Plaintiff and Appellant:

Where title and possession concur in a vendee, creditors of the vendor are abso lutely prohibited from attaching or seizing. This rule is absolute, and applies to movable property as well as to immovable property. 31 An. 862; 33 An. 26, 1026; 35 An. 336; 38 An. 248; 39 An. 103, 488. 608; 41 An. 735.

When the sheriff is notified at the time of the seizure, or immediately thereafter, of the ownership of one not a party to the writ, and takes no steps to secure an indemnity bond, but proceeds in disregard of such ownership, he becomes directly responsible to the real owner and may be sued.

After such suit is filed and contested by him by exception or plea, he can not then procure an indemnity bond and claim exemption under R. S., Secs. 3579, 3584.

He must know the property seized belongs to defendant in writ. 4. R. 39, 136; 41 An. 300; 7 An. 524; 34 An. 58.

The illegal seizure of a third person's property is a *quasi* offence, and the sheriff and plaintiff are bound *in solido* as co-trespassers. 2 N. S. 34; 6 R. 382; 5 L. 39; 2 An. 930; 4 R. 39; 15 An. 491; 24 An. 339; 13 An. 260; 30 An. 478; 7 An. 524; 8 R. 112

When the issue presented by the pleadings is one of pure simulation *vel non*, all the evidence tending to prove fraud must be limited to the central fact of sim - ulation, the sole issue before the court. 31 An. 862; 39 An. 488; 40 An. 327.

Where there is an actual and real sale, followed by possession, a judgment cred itor of the vendor can not make a direct seizure of the property because of the fact that the one to whom the conveyance was made was not purchasing for himself, but for others. To justify such a seizure the sale in question must be a pure simulation. 36 An. 179.

In the assessment of damages in cases of offences and quasi offences and quasi contracts much discretion is left to the judge or jury, without proof of the exact amount. C. C. 1934, No. 3; 2 L. 76; 10 An. 33, 699; 19 An. 362; 17 An. 20.

19*

Mrs. Macias, Wife of Roussean, vs. Sheriff, et. als.

Where there is no justifiable cause for an act which does damage, the law imputes malice. 37 An. 881; 39 An. 15.

In estimating damages in a case like the present, we must consider:

1. The value of the property taken. The highest estimate will be adopted when property is tortiously taken. 25 An. 414.
2. The breaking up of plaintiff's business and the profits of which she was deprived. 34 An. 58.
3. The mental anxiety and distress caused to the plaintiff, her trouble and mortification. This is actual damage. 33 An. 6; 39 An. 15.

*Knobloch & Moore* for Defendants and Appellees:

1. When the sheriff obtains a bond of indemnity and duly transfers same, before default, to the third person claiming to be the owner of movable property levied upon, the suit for damages against that officer must be dismissed. Rev. Stat. 3579-3583; Act No. 37 of 1882.
2. On a question of fact, when the evidence is conflicting, the opinion of the judge who tried the case and who saw and heard the witnesses, and is supposed to know them, is entitled to great weight and ought to control.

The opinion of the court was delivered by

BREAUX, J.   A voluminous record discloses that plaintiff's son became her agent in 1888. That in January of that year he had an interest in a store in Thibodeaux, conducted entirely in the name of another.

That in February the parties disagreed and there was a dissolution of the business venture.

That the retiring partner was allowed to take out the daily cash receipts, during a number of days, to an amount equal to his interest.

In that manner the settlement with him was made.

As he was retiring and the only known interested party, and the son deemed it to his interest, the store was transferred to the mother, the plaintiff in this case.

In April, 1888, it was sold by plaintiff to L. A. Gourdain.

During this ownership of the latter, about two months, one Melchert became an interested party, but soon dissolved his connection with the establishment.

Courciere's name also figures as a part owner.

On the 13th of June Gourdain sold to plaintiff's agent.

The price was $1400—cash $500 and $900 in notes.

She assumed charge through the agency of her son.

On the 18th of that month the store was closed, under a writ of

attachment, issued in the case of Philip Thompson vs. Gourdain and Courciere, and the goods and merchandise were attached and seized to satisfy an amount due by the former to the latter. The deed of sale, Gourdain to plaintiff, was in the iron safe in the store and was taken possession of by the sheriff's deputy who made the seizure.

Plaintiff's agent and two other witnesses testify that he informed the deputy at the time that the property belonged to the plaintiff.

The verity of this testimony is denied by two of defendant's witnesses, who, with other witnesses, testify that the property did not belong to plaintiff, that it was the property of her son.

The theory of the defendant is that he sought to evade the pursuit of his creditors by placing the property in the name of the plaintiff.

That she was without interest to bring this suit.

The property attached was sold at public auction by the sheriff, it was perishable property, and brought $850.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

An exception of no cause of action and estoppel was filed.

On appeal to this court, in the year 1889, it was decided that plaintiff had a cause of action, and if the sheriff desired to protect himself under Act 37 of 1882 "it was his duty to require the claimant to make the affidavit prescribed in the law as a basis for his exacting from the plaintiff in suit the bond of indemnity." Macias vs. Sheriff et al., 41 An. 300.

To this extent the issues are settled on appeal and we must accept as correct the conclusion reached.

The case was remanded.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

The first ground of defence presented after the case had been remanded was that no action could be maintained against the defendant, a bond of indemnity having been furnished by the seizing creditor, Philip Thompson, under the provisions of Act 37 of 1882, and by the sheriff assigned to the plaintiff; the effect of which is, they contend, to release the sheriff and his sureties.

The plaintiff declines to accept the bond.

The court a qua decided that the indemnity bond did not affect plaintiff's rights, they having been determined on this point in the previous decision of this court.

The question of fraud and simulation by plaintiff as against Thompson's claim did not arrest the attention of the court a qua, but

the matter at issue was treated as an attempt on the part of the agent, Eugene Rousseau, to protect himself (he being an insolvent) from his own creditors by carrying on business in the name of his mother, the plaintiff, who was therefore, the court held, without interest to stand in judgment, as the property really belonged to the son. From the judgment decreeing that the property belonged to the son, Eugene Rousseau, the plaintiff appeals.

\*        \*        \*        \*        \*        \*        \*        \*

### BILL OF EXCEPTIONS.

The defendants objected to plaintiff's testimony in so far as relates to ownership of the property.

The plaintiff sets forth the character of her ownership at some length, such as that through negotiations carried on in her name, through her son and recognized agent, Etienne Rousseau, she acquired a stock of goods and was carrying on business.

The defendant objected to her evidence on the ground that there was no allegation of the name of the person from whom the purchase was made; nor with reference to the origin of the title.

There was no plea of vagueness formally presented, nor prayer for bill of particulars.

If the defendant needed particulars to enable him to prepare his defence, he could have required more accuracy in the demand. Davis vs. Madden, 27 An. 633; Lewis vs. Mieston, Morrison & Co. et al., 26 An. 707; Arrowsmith vs. Durell et al., 14 An. 849.

The testimony was properly admitted.

\*        \*        \*        \*        \*        \*        \*        \*

With reference to the bond of indemnity executed by the seizing creditor in favor of the sheriff and which he has offered to assign to the plaintiff.

It appears to have been executed on the 15th day of March, 1889.

It was filed in the clerk's office on the 25th of March, 1889, after the decision of this court.

It having been decided that plaintiff had a right of action, it was no longer possible to defeat that right by tendering a bond of indemnity.

The officer was notified that the property was owned by one not a party to the suit; he nevertheless proceeded with the suit and thereby became responsible.

The plaintiff in whose name the deed of sale was executed, who was in possession, claimed the property as her own.

\* \* \* \* \* \* \* \*

The testimony failed to prove the allegation of defendant's answer, that the purchase was a fraud and simulation on the part of plaintiff to protect Gourdain & Courciere.

The cash portion of the sale was paid, and it is not satisfactorily shown that there is any serious ground to contest the consideration of the notes due by the plaintiff for the credit portion. They are unpaid, but their collection is earnestly expected.

\* \* \* \* \* \* \* \*

The judgment appealed from did not maintain the attachment, but decided that plaintiff was without interest to maintain its illegality.

The argument of defendants' counsel is principally in support of the correctness of the judgment.

In 1888 plaintiff appointed her son Etienne her agent.

He in that capacity sold the store which was in plaintiff's name.

On the thirteenth day of June, 1888, it again became hers by purchase, as mentioned in the first part of this decision.

A few days after her ownership under the last sale had commenced, and after she had gone into possession, the property was attached and seized by Philip Thompson, a third person, to pay and satisfy a debt of Gourdain and Courciere to him.

Whatever fraud may have been committed by the latter, it is not shown that plaintiff was a party.

The son's testimony, the agent and that of a brother, also the instruments of writing, make it evident that the plaintiff had the interest of an owner.

The son, to whom it is contended the property belongs, testifies that it is not his, but his mother's.

This testimony is not uncorroborated.

If part of the funds applied to the payment of the cash portion of the sale were furnished by the son, this would not be cause to divest her of her ownership, particularly when the question arises between her and the plaintiff in attachment proceedings, to which she is not a party.

The sale is not wanting in reality, in so far as the attaching creditor is concerned.

The demand of the defendants is not to have title to the property

recognized as theirs, nor to have the proceeds applied to the payment of creditors, but to have the title decreed to be in another than the plaintiff, and thereby to defeat the suit.

To this end it is not shown that plaintiff is without interest.

Let us concede that the sale was made to the son, it does not give any greater rights to the attaching creditors.

But it was made to the plaintiff.

We will not be understood as deciding that the attaching creditor could not aver and prove the title fraudulent under Act 46 of 1886, but we hold that he may, and thereby re-affirm the case of Schilte vs. Frese, sheriff, 42 An. In the last mentioned case the fraud and simulation were proven, while in the case under consideration the preponderance of evidence does not support such a conclusion.

Having reached this conclusion, it devolves upon us to consider and determine the amount plaintiff should recover.

The officer's acts were not wanton and malicious.

The functions of his office at times require diligence, and he has delicate responsibilities imposed upon him.

When malice is not shown and no intention to commit a wrong, his hasty acts should not be too severely judged.

In the case at bar the actual value of the goods and merchandise attached will be the measure of damages.

"The sheriff is only liable for such damages, arising in the discharge of his official duty, as shall be proved to have been actually sustained." William Bogel vs. John M. Bell, 15 An. 263.

Plaintiff claims profits she would have realized if the store had not been closed; for loss of business, of credit, and other damages. We are not impressed by the allegations made to recover on these grounds, nor by the testimony admitted in their support.

Plaintiff may have been confident in the future of the business, decidedly more than the facts warrant.

The changes of ownership have been so frequent, there was such a want of permanence in the business, that we can not conclude that compensation should be allowed for these alleged causes of action.

While she is not estopped from recovering the actual value of the property, we can not avoid recalling that her opposition to the attachment and sale was not as pronounced and active as it could, without impropriety, have been.

There were acts of carelessness, as an owner, which must relieve the sheriff from considerable responsibility.

Among them we will mention as an instance the fact that the license to the United States Government remained unchanged, and no steps, after the purchase, had been taken to secure another.

The prosecuting creditor is not before the court; as against the sheriff at whose instance he acted, we will fix the *minimum* amount proven as the value of the property.

It was appraised in the first place at $1200; afterward at $1100. It was sold at auction for $850.

We accept the last amount in fixing the value, and the extent of defendant's responsibility, together with interest and costs.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered; it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff against the defendants, condemning them *in solido* to pay to her the sum of $850 with interest thereon at the rate of 8 per cent. per annum from judicial demand, and that defendants pay costs of both courts.